**Irene DOTSON, Petitioner,**

v.

**VANHOOSE COAL COMPANY; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 01–3119.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

*ORDER*

Irene Dotson, a Kentucky resident, petitions pro se for review of a decision of the Benefits Review Board affirming an administrative law judge's decision denying her and her deceased husband's claims for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The deceased miner filed three claims for black lung benefits during his lifetime. A hearing was pending before an administrative law judge (ALJ) when the miner died at the age of thirty-nine. Mrs. Dotson subsequently filed a claim for survivor's benefits which was consolidated with the miner's claim. A hearing was held before an ALJ on the consolidated claims. The ALJ denied both claims, finding that the record did not establish that the miner suffered from pneumoconiosis, had a total respiratory disability, or died due to pneumoconiosis. The Benefits Review Board affirmed this decision and denied reconsideration. Mrs. Dotson filed a petition for

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

review with the Federal Circuit which was transferred to this court.

This court reviews a decision in a black lung benefits case to determine whether it is supported by substantial evidence and is consistent with the applicable law. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). The claimant has the burden of demonstrating entitlement to benefits by a preponderance of the evidence. *Director, OWCP v. Greenwich Collieries,* 512 U.S. 267, 271, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994).

The existence of pneumoconiosis can be shown by X-ray readings, the invocation of a regulatory presumption, autopsy or biopsy reports, or a physician's diagnosis. 20 C.F.R. § 718.202(a). In this record, there were no X-rays read as positive for pneumoconiosis, none of the regulatory presumptions applied, and no physicians diagnosed pneumoconiosis during the deceased's lifetime. An autopsy was performed, with the autopsy prosector reporting a finding of anthracosis in the lungs. However, two other physicians reviewed the autopsy slides and found no pneumoconiosis. Therefore, we conclude that the ALJ properly found that the existence of pneumoconiosis had not been established by a preponderance of the evidence.

■ For the miner's claim, it had to also be established that he was totally disabled due to pneumoconiosis. Such a showing can be made by pulmonary function study results, blood gas studies, a diagnosis of cor pulmonale, or a physician's opinion. 20 C.F.R. § 718.204(c). There were no qualifying pulmonary function studies in the record, nor was there any diagnosis of corpulmonale or a total respiratory disability. Of the twelve blood gas studies of record, one resulted in qualifying values, but it was followed by non-qualifying studies, indicating that the qualifying results were due to a temporary condition, as opposed to pneumoconiosis. Although the

ALJ overlooked this study and three other non-qualifying studies in his decision, the Benefits Review Board found the error harmless. It is clear that substantial evidence supports the conclusion that the miner was not totally disabled due to pneumoconiosis.

■ Finally, for the widow's claim, it had to be established that pneumoconiosis was a substantially contributing cause of death, *Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 816 (6th Cir.1993), or that pneumoconiosis hastened his death. *Griffith v. Director, OWCP,* 49 F.3d 184, 186 (6th Cir.1995). In this case, the treating physician noted on the death certificate that death was caused by a brain stem infarct caused by diabetes and hypertension. The autopsy prosector noted that several agents were responsible for the death. The miner suffered from diabetes which caused him to be prone to infection. He contracted pneumonia, which caused a myocardial infarction due to chronic circulatory problems, and led to a brain hemorrhage. Two reviewing physicians agreed that the death was due to diabetes and heart disease, and that pneumoconiosis was not present and did not contribute to the cause of death. Therefore, we conclude that substantial evidence also supports the ALJ's finding that death due to pneumoconiosis was not established in this case.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.